IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BANK OF NEW YORK MELLON,** formerly known as The Bank of New York, as Trustee on behalf of The Holders of the Alternative Loan Trust 2006-OC11, Mortgage Pass Through Certificates Series 2006-OC11 | : : : : : : : | **CIVIL ACTION** |
| **v.** | : : | |
| **ROBERT BRUCE FAZIO and UPPER INDIAN HEAD ROAD DEVELOPMENT LLC, REAL OWNER** | : : : | **NO. 22-319** |

**MEMORANDUM**

**Savage, J.**                                                                                            **February 1, 2022**

Untimely removing this mortgage foreclosure action from the state court for a third time, the defendant Robert Bruce Fazio ("Fazio") contends that the federal court has subject matter jurisdiction based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity of citizenship pursuant to 28 U.S.C. § 1332. Although the notice of removal purports to be filed on behalf of both defendants, it provides information regarding only the defendant Fazio and is signed only by him as an individual. There is no indication that he has authority to act on behalf of the corporate defendant. Furthermore, Upper Indian Head Road Development LLC ("Upper Indian") has not consented to removal.

Consistent with our "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), we must remand a case *sua sponte* for lack of subject matter jurisdiction. 28

U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The defendant first removed this action on August 28, 2019. We remanded it to the state court for lack of subject matter jurisdiction because the complaint did not present a federal question to support jurisdiction under 28 U.S.C. § 1331, and the removal notice did not sufficiently aver the citizenship of any party to enable us to determine if there was diversity jurisdiction. *See Bank of New York v. Fazio*, Civ. A. No. 19-3907, 2019 WL 4220897 (E.D. Pa. Sept. 5, 2019).

The second removal notice, filed almost two years later, was virtually identical to the first. The allegations in support of federal question jurisdiction were no different. The only change went to diversity jurisdiction. The first notice stated that defendant Robert Bruce Fazio "has resided at his residence located in Collegeville, Pennsylvania since February 2005." The second notice added that he "is a life-long resident of Pennsylvania," and attached a copy of his Pennsylvania driver's license. Additionally, the second removal notice included an averment indicating the plaintiff's state of incorporation. Because those additions did not cure the deficiencies that were in the first notice of removal, we remanded the action again. *See* Order (Doc. No. 3) in *Bank of New York Mellon, formerly known as the Bank of New York v. Fazio*, Civ. A. No. 21-3660 (E.D. Pa. Aug. 25, 2021).

The third removal notice, filed five and a half months after the second one, is a duplicate of the prior two notices. It cures no deficiencies present in the first two notices. Additionally, the designation form accompanying the notice of removal inaccurately states

that the action is not related to a prior action filed in this court less than one year earlier. *See* Designation Form (Doc. No. 1) at ECF 2.

The first removal notice was filed four and a half years after service of the complaint; the second, six and a half years; and the instant notice, seven years. A notice of removal must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b)(1). Although it does not bar timely successive removals, § 1446(b) "expressly forbid[s] untimely removals." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 209 (3d Cir. 2014).

Fazio has not obtained Upper Indian's consent to remove the action. All defendants must "join in or consent to the removal of the action" within the same thirty-day time period that applies to the removing defendant. 28 U.S.C. § 1446(b)(2)(A), (B); *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) ("a defendant cannot remove unilaterally").

All three removal notices were untimely and filed without the consent of the other defendant. For either reason, the removal was improper.

The defendant is warned that if he attempts to remove this action a fourth time, he will be subject to the imposition of sanctions. *See* 28 U.S.C. § 1447(c).